**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-04187 JAK (PJWx) | Date | July 17, 2012 |
|---|---|---|---|
| Title | Clyde Veltmann, et al. v. Heiting and Irwin Attorneys at Law, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

On May 14, 2012, Plaintiffs Clyde and Diantha Veltmann commenced this action against Defendants Heiting and Irwin Attorneys at Law; James Otto Heiting, A Law Corporation; Jim Heiting; Dennis Stout; and Jeffrey Boyd. Plaintiffs allege that Defendants committed various acts of legal malpractice from 2005 through 2007, arising from their legal representation of Plaintiffs. Plaintiffs also allege negligence and breach of contract.

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Plaintiffs seek to invoke the subject matter jurisdiction of this Court under 28 U.S.C. § 1332 (diversity jurisdiction).

Diversity jurisdiction exists only where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). A partnership "is a citizen of all of the states of which its partners are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c); *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994).

Plaintiffs allege that they are residents of Texas and "the Defendants [sic] office is in Riverside CA located in Riverside County, CA." Compl., p.1. This is insufficient to establish the citizenship of any party. Plaintiffs have not pleaded their own citizenship, because "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiffs have not pleaded the citizenship of any individually named Defendant. Nor have Plaintiffs pleaded the citizenship of any entity Defendant, whether those Defendants are partnerships, corporations, or other types of business organizations.

Additionally, Plaintiffs have not pleaded an amount in controversy, or any amount of damages. Although Plaintiffs refer to the "$500,000.00 worth of 3rd party assets" at issue in another proceeding, Compl., p.4,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-04187 JAK (PJWx) | Date | July 17, 2012 |
|---|---|---|---|
| Title | Clyde Veltmann, et al. v. Heiting and Irwin Attorneys at Law, et al. | | |

the connection of those assets to Plaintiffs' present action is unclear, and it is not alleged that Plaintiffs are seeking $500,000 – or any amount – in damages.

The party seeking to establish the Court's jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Here, because Plaintiffs have not properly pleaded either the citizenship of any party or the amount in controversy, they have not established diversity jurisdiction. Accordingly, the Court issues this Order to Show Cause re Subject Matter Jurisdiction. On or before **July 31, 2012**, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is necessary or if the matter can be addressed by the Court without a hearing.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak